UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00087-BJB-HBB

**CHARLES CAYCE**                                                           **PLAINTIFF**

**VS.**

**ZYNGA, INC.**                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion by Plaintiff Charles Cayce for jurisdictional discovery (DN 29). Defendant Zynga, Inc., has responded at DN 30 and Plaintiff has replied at DN 33.

### Nature of the Case

Zynga develops and publishes mobile and online video games, including "social casino-themed games" (DN 20, p. 2). Plaintiff filed the complaint against Zynga in federal court concerning a Kentucky gambling statute related to the social casino-themed games (DN 1). Plaintiff is a resident of Kentucky and Zynga is incorporated in Delaware and operates its headquarters out of California (DN 1, p. 5). Zynga filed its motion to dismiss for lack of personal jurisdiction on January 31, 2025 (DN 20) to which Plaintiff now moves for additional discovery concerning Zynga's contacts with Kentucky (DN 29). Plaintiff seeks discovery of direct communications between Zynga and individual customers in Kentucky via telephone, email, text message, and direct messaging through targeted ads inside their apps (DN 29, p. 1).

Applicable Law

As the Supreme Court explained, "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). "District courts have the power to order the discovery of facts necessary to determine their jurisdiction over the merits." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018) (citation omitted). Jurisdictional discovery is not unlimited. "While courts should grant discovery when necessary for a plaintiff to establish his claim, a plaintiff may not engage in a fishing expedition untethered from the legal claims at issue." *Integrity Express Logistics, LLC v. Borstelmann*, No. 1:23-CV-166, 2023 U.S. Dist. LEXIS 188094, at *6 (S.D. Ohio Oct. 19, 2023) (citation omitted). Thus, jurisdictional discovery must relate to the jurisdictional inquiry and be proportional to the needs of the case. *Id.;* FED. R. CIV. P. 26.

Discussion

Defendant contends that "Plaintiff has not shown any factual or reasonable basis to expect discovery will show Zynga is subject to personal jurisdiction" and so should be denied (DN 30, p. 1). Plaintiff need not show that discovery would likely lead to evidence that Zynga would be subject to personal jurisdiction, only that the discovery requested would lead to "facts necessary to determine [the Court's] jurisdiction." *Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *9 (quoting *Aviation One of Fla., Inc.*, 722 F. App'x at 878).

Defendant further avers that Plaintiff's basis for seeking discovery is based on mere "beliefs" and industry custom rather than factual basis (DN 30, p. 1). Plaintiff alleges that Zynga "has significant additional contacts with Kentucky that are currently unknown but easily discoverable" direct communications to Kentucky customers (DN 29, p. 1). "[C]ourts are to

2

provide assistance by allowing jurisdictional discovery unless their claims are 'clearly frivolous.'" *Mayfield Consumer Prods., LLC v. Int'l Grp.*, No. 5:23-CV-00101-BJB-LLK, 2025 U.S. Dist. LEXIS 38890, at *6 (W.D. Ky. Mar. 4, 2025) (citation omitted). Plaintiff's claims are not clearly frivolous, as Zynga's contacts (or lack thereof) with Kentucky customers is relevant to determine personal jurisdiction. *See Hume v. Universal Music Grp., Inc.,* No. 3:24-CV-00746, 2024 U.S. Dist. LEXIS 220346 (M.D. Tenn. Dec. 5, 2024) (court granted discovery to determine which subsidiary had distributed the copyrighted material even though plaintiff could only identify that the named defendant was not the infringer); *but cf. Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *8-9 (court limited discovery to factual allegations rather than industry custom to avoid a fishing expedition). Therefore, Plaintiff may engage in discovery to resolve the jurisdictional question.

**WHEREFORE**, the motion of Plaintiff Charles Cayce for limited jurisdictional discovery, DN 29, is **GRANTED**.

*[signature]*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

April 30, 2025

Copies: Counsel